# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JAMES STONECIPHER,                       Civil No. 05-2161 (JRT/JSM)

                Petitioner,

v.                                **ORDER ADOPTING REPORT AND RECOMMENDATION**

J.F. CARAWAY, Acting Warden,

                Respondent.

James Stonecipher, # 30693-039, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se petitioner.

Clifford B. Wardlaw, OFFICE OF THE UNITED STATES ATTORNEY, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

This matter is before the Court on respondent's objections to United States Magistrate Judge Janie S. Mayeron's Report and Recommendation dated December 23, 2005. Magistrate Judge Mayeron recommended that this Court grant petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and order respondent to reconsider when petitioner should be assigned to a community confinement center ("CCC"). The Court has reviewed *de novo* respondent's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As

explained below, the Court overrules the objections and adopts the Report and Recommendation.[1]

## BACKGROUND

On November 2 2004, the United States District Court for the Eastern District of Michigan sentenced petitioner James Stonecipher to sixteen months imprisonment for conspiracy to commit racketeering and money laundering. Petitioner is currently serving that sentence in the Federal Prison Camp in Duluth, Minnesota. He will be released from prison on June 9, 2006, if he earns all available good time credits.

Petitioner filed this habeas petition challenging a new policy of the Federal Bureau of Prisons ("BOP") that limits transfer to a CCC to the lesser of the last ten percent of the sentence or six months. This policy is articulated in 28 C.F.R. §§ 570.20 and 570.21 ("the February 2005 Rules"). Based on the February 2005 Rules, petitioner is eligible for transfer to a CCC for only the last two months of his sentence. Petitioner challenges the bright-line rule set forth in the February 2005 Rules, and argues that the BOP must make an individualized determination of whether he should be released to a CCC based on the factors listed in 18 U.S.C. § 3621(b). Specifically, petitioner argues that the February 2005 rules are invalid and that he is eligible for a full six months of CCC placement.

---

[1] The Report and Recommendation concludes that section 3624(c) does not require petitioner be placed in a community confinement center or home confinement; it only obligates the Federal Bureau of Prisons to facilitate the prisoner's transition from the prison system. There are no objections to this conclusion and the Court adopts it. The Court notes, however, section 3624(c) does not require the last ten percent of the sentence be spent in conditions that facilitate re-entry. The plain language of the statute requires a "reasonable part" of the last ten percent be spent in those conditions.

## ANALYSIS

**I.    Procedural Issues**

The BOP argues that the petitioner's case should be dismissed with prejudice because the relief he seeks is not available through a habeas corpus petition. The Eighth Circuit has previously considered a § 2241 habeas corpus petition challenging a CCC placement policy. *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004). In his objections, respondent argues that *Elwood* does not control because the government failed to argue in that case that § 2241 does not provide the court with jurisdiction. The government's position would leave petitioner without the benefit of judicial review. Persuaded by the reasoning of other courts that have considered the issue, the Court concludes that CCC confinement concerns the "execution" of petitioner's sentence. *See, e.g.*, *Woodall v. Federal Bureau of Prisons*, 2005 WL 3436626, at *6 (3rd Cir. Dec. 15, 2005). The Eighth Circuit holds that § 2241 allows a federal prisoner to challenge the "execution" of his sentence. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

The Court also concludes that this action should not be dismissed for petitioner's lack of exhaustion. Petitioner is challenging a policy that BOP has steadfastly defended. Exhaustion is not required when it would be futile. *Elwood*, 386 F.3d at 844, n.1.

## II.   Validity of the February 2005 Rules

### A.   History of the February 2005 Rules

18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c) grant the BOP the power to assign prisoners to prison facilities. Section 3621(b) requires the BOP to designate the place of a prisoner's imprisonment by considering several factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence ---
>
>> (A)   concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B)   recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). The statute also prohibits the BOP from giving favoritism to prisoners of high social or economic status. *Id.* Finally, it provides that the BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." *Id.*

Section 3624(c) describes the BOP's duty to prepare prisoners for community re-entry. It provides, in relevant part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c).

Before December 2002, the BOP regularly considered prisoners for CCC placement for up to six months at the end of a sentence, regardless of the total sentence length. In December 2002, the Office of Legal Counsel of the Department of Justice issued a memorandum, which found this practice illegal. By interpreting the term "imprisonment" as used in section 3621(b) to exclude placement in a CCC, the Department of Justice concluded that the authority to transfer a prisoner to a CCC is derived solely from § 3624, and that § 3624 limits residence in a CCC to the lesser of 10 percent of the total sentence or six months. Based on the memorandum, the BOP instituted a policy that prisoners could be released to CCCs only for the last ten percent of their sentences, not to exceed six months. In *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004), the Eighth Circuit invalidated the December 2002 policy, holding that the BOP has discretion to transfer prisoners to CCCs at any time during their incarceration.

In August 2004, the BOP proposed new rules relating to the placement of prisoners in CCCs. *See* 69 Fed. Reg. 51,213 (Aug. 18, 2004). In the proposed rules, the BOP expressly acknowledged that it has discretion to place prisoners in CCCs at any time, but it chose to exercise its discretion by establishing a categorical rule that no prisoner will be placed in a CCC before the last ten percent of his or her sentence, not to exceed six months. *Id.* The final rules were codified as 28 C.F.R. § 570.20 and 28 C.F.R. § 570.21 and became effective on February 14, 2005.

The Eighth Circuit has not considered the validity of the February 2005 Rules, but the only circuit court that considered the rules invalidated them. *See Woodall v. Federal Bureau of Prisons*, 2005 WL 3436626 (3rd Cir. Dec. 15, 2005). The district courts are divided. *See, e.g., Hayek v. Caraway*, 2005 WL 3334600, *1 (D. Minn. Dec. 7, 2005) (invalidating the February 2005 Rules); *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005) (invalidating); *Yip v. Fed. Bureau of Prisons*, 363 F. Supp. 2d 548 (E.D.N.Y. 2005) (upholding); *Moss v. Apker*, 376 F. Supp. 2d 416 (S.D.N.Y. 2005) (upholding).

### B.   Consideration of Factors Enumerated in Section 3621(b)

The February 2005 Rules categorically deny placement in CCCs to all prisoners who have not reached the final ten percent of their sentences. The Report and Recommendation concludes that a categorical approach is inconsistent with 18 U.S.C. § 3621(b), which lists five specific criteria, several of which cannot be applied categorically (e.g. "nature and circumstances of the offense," "history and characteristics of the prisoner," and "any statement by the court that imposed the sentence").

Respondent objects to the Report and Recommendation, arguing that the BOP did in fact consider the factors enumerated in section 3621(b) when it issued the February 2005 Rules. While the BOP's proposed rule states that the BOP "carefully considered all of the statutorily-specified factors" in section 3621(b), the rule lists and analyzes only those factors that BOP finds "most significant." 69 Fed. Reg. 51,213, 51,214 (Aug. 18, 2004). Based on the text and history of section 3621, the Court concludes that the BOP

must analyze <u>all</u> factors listed in section 3621(b).  *See Woodall v. Federal Bureau of Prisons*, 2005 WL 3436626, *6-8 (3rd Cir. 2005) (discussing the text and history of § 3621 and concluding that all the factors must be taken into account).

Respondent argues in its objection that BOP makes an individual determination of where and when to transfer a prisoner within the last ten percent of his or her sentence. This approach is insufficient because the Eighth Circuit holds that section 3621(b) gives BOP discretion to transfer prisoners to CCCs **at any time** during their incarceration. *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004).  Respondent emphasizes in his objection that BOP accepts that it has discretion to place prisoners in CCCs longer than the last ten percent of their sentences, but it has chosen to exercise its discretion categorically.  Again, because several of the factors enumerated in section 3621(b) expressly require consideration of a prisoner's individual circumstances, the BOP cannot exercise its discretion categorically.  The BOP cannot change the statutory language.

Respondent also argues in his objection that the February 2005 Rules are valid in light of the discretion afforded the agency, as discussed in *Lopez v. Davis*, 531 U.S. 230, 244 (2001).  Section 3621(b) is unlike the section at issue in *Lopez* because it includes factors that necessarily require consideration of a prisoner's individual circumstances.  In *Lopez*, the Court noted that there was nothing in the section that suggested a need to make individualized determinations.  *Lopez*, 531 U.S. at 241-42.

Finally, respondent argues in his objection that the February 2005 Rules are entitled to *Chevron* deference.  The Court concludes that BOP's regulations do not meet the first prong of the *Chevron* test, which asks whether "the intent of Congress is clear"

as to the question at issue. Considering the language of § 3621(b) and finding support in the statute's legislative history, the Court believes that Congress clearly intended BOP to apply each of the factors enumerated in section 3621(b).

Accordingly, the Court holds that 28 C.F.R. §§ 570.20 and 570.21 are invalid as applied in this case, and grants petitioner's writ of habeas corpus.

## ORDER

Based upon the Report and Recommendation, and after an independent review of the files, records and proceedings in the above-titled matter, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**; and

2. Respondent is **DIRECTED** to immediately reconsider its decision as to whether petitioner should be assigned to a Community Corrections Center or home confinement, in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. § 570.21 and 28 C.F.R. § 570.21. Respondent's decision shall be filed with the Court within twenty-one (21) days of the date of this Order.

DATED:   January 20, 2006  
at Minneapolis, Minnesota.

                                                 s/ John R. Tunheim  
                                                  JOHN R. TUNHEIM  
                                                  United States District Judge